# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>**CROWN ASSETS, LLC,**<br><br>    Debtor. | **CHAPTER 7**<br><br>**CASE NO. 20-21451-jrs** |

## OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL

COME NOW Sahib Arora, Vineet Singh, King Group MGMT LLC, Maharaja Investments LLC, and Zillionaire Assets LLC (collectively, the "Maharaja Parties") and hereby file this "Objection to Debtor's Motion for Authority to Use Cash Collateral" (the "Objection"). In support of the Objection, the Maharaja Parties show the Court as follows:

### Jurisdiction

1.  This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a), and 363.

### Background

2.  On October 25, 2020 (the "Petition Date"), Crown Assets, LLC ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3.  Debtor is a Georgia corporation which, upon information and belief, is located at 7530 Saint Marlo Country Club Pkwy, Duluth, GA 30097. Debtor is currently a debtor-in-possession.

4.  On October 27, 2020, Debtor filed its "Emergency Motion for Authority to Use Cash Collateral" (the "Motion") (Doc. No. 13) (as defined in 11 U.S.C. Sec. 363). The Motion is scheduled for hearing on November 3, 2020.

1

**<u>Liens</u>**

5. Debtor's Motion states that the U.S. Small Business Administration ("SBA"), Gelt Financial, LLC ("Gelt"), and Quantum National Bank ("Quantum") (collectively referred to as the "Asserted Lenders") hold liens against certain of Debtor's "personal property." Again, the Motion states that the Asserted Lenders hold liens against personal property and not real estate. The Motion does not even purport to state what personal property each of the Asserted Lenders holds as collateral. The Motion does not state the amount due to each of the Asserted Lenders. The Motion does not state any basis upon which the Court should grant or approve adequate protection payments to the Asserted Lenders.

6. The Motion recites various purported facts regarding the dispute between the Debtor (and its owner and affiliates) and the Maharaja Parties. The Maharaja Parties show the Court that the Maharaja Parties assert and hold an equitable lien upon certain assets of the Debtor and its affiliates. The Motion filed by the Debtor disputes the claims of the Maharaja Parties but does not deny the existence of the Lis Pendens filed by the Maharaja Parties or the existence of the claims for an equitable lien. Despite Debtor's knowledge of the claims of the Maharaja Parties, the Motion does not make any effort to provide any adequate protection or replacement lien for the Maharaja Parties.

7. Pursuant to the Motion, Debtor requests that the Court grant a replacement lien in favor of the Asserted Lenders. The Maharaja Parties show that they should be granted an Adequate Protection Lien (as defined in Paragraph of Debtor's Motion) just as the Asserted Lenders have been proffered an Adequate Protection Lien.

8. The Maharaja Parties also show that the Court should not authorize any payments as requested by Debtor in its Motion. The Debtor did not file a proposed budget with its original Motion. On October 30, 2020, the Debtor did file a proposed Budget (see Doc. No. 21). The Budget filed by the Debtor shows that there are no payments which Debtor needs to be make on an emergency basis. Obviously, the Debtor has filed and requested an emergency hearing on its Motion. However, an emergency hearing on a cash collateral motion is typically reserved for matters which are urgent in nature and where a debtor has an immediate need to pay operating expenses. The Budget filed by the Debtor is quite to the contrary. The Budget proposed by the Debtor reflects that the Debtor is only seeking authority to make payments to the insiders of the Debtor and payments to the Asserted Lenders. Specifically, the Budget reflects that Debtor seeks to pay $60,000 to the owner of the Debtor and his brother. These proposed payments are payments to insiders and the Court should deny payment of such absolutely, but the Court should certainly should deny payment of such on an emergency basis. Payments to insiders normally is denied in an interim cash collateral order.

9. The Motion also requests authority to make certain payments to the Asserted Lenders. However, as stated above, the Debtor does not purport to provide any legal basis for making payments to the Asserted Lenders for adequate protection, much less any basis to make such payments prior to a final hearing. The Maharaja Parties object to any payments requested pursuant to the Budget. It is very telling that the Debtor has not requested authority to make any payments for utilities, taxes, or other overhead expenses.

3

10. The Maharaja Parties object to the purported statement of facts set forth by the Debtor in its Motion with respect to the nature of the claims of the Maharaja Parties. The Maharaja Parties have prepared a Statement of their claims and interests in property of Debtor and its affiliates. Please see the "STATEMENT OF FACTS REGARDING THE MAHARAJA PARTIES' CLAIMS AGAINST PROPERTY OF DEBTOR AND ITS AFFILIATES" prepared by litigation counsel for the Maharaja Parties which is attached hereto as Exhibit A. Without limiting the position of the Maharaja Parties, additional information is as follows.

11. The Debtor has chosen to remove the action filed by the Maharaja Parties in the Superior Court of Fulton County. Therefore, such Fulton County action is now pending before this Court as Adversary Proceeding No. 20-02041-JRS (the "Fulton Adversary"). The Maharaja Parties show that the party removing a case to federal court is required to file all pleadings filed in the underlying action. Specifically, the Debtor was required, pursuant to applicable law, to file all of the pleadings and documents on file in Fulton County Superior Court. For reasons unknown to the Maharaja Parties, which reasons shall be investigated, the Debtor chose not to file all of the relevant pleadings of record in Fulton County. More specifically, the Debtor omitted affidavits filed by the Maharaja Parties in the Fulton County case. The Maharaja Parties also show that the Debtor filed a motion in Fulton County Superior Court to set aside the Lis Pendens filed by the Maharaja Parties, and the Fulton County Court denied the motion. Therefore, after the Fulton County Court ruled in favor of the Maharaja Parties with respect to the Lis Pendens, the Debtor sought protection from this Court and only then.

12. Debtor is also party to a separate action which Debtor has not disclosed to the Court. Specifically, TC Federal Bank filed an action in the Superior Court of Thomas County, State of Georgia, against the Debtor, certain affiliates of the Debtor, and certain of the Maharaja Parties. The Thomas County civil action is SUCV2020000354. The Maharaja Parties show that the facts relating to the Thomas County action are related to the facts and claims set forth in the Fulton County action. Specifically, TC Federal Bank seeks declaratory judgment with respect to its Security Deed against property located at 2551 East Pinetree Blvd, Thomasville, Georgia (the "Pinetree Property"). The Maharaja Parties show that, upon information and belief, the Debtor owns an interest in the entity which now owns the Pinetree Property. Specifically, the Pinetree Property is owned by 2551 East Pinetree Blvd LLC ("Pinetree LLC"). As set forth in the Fulton County action and the Thomas County action, Debtor's purported interest in Pinetree LLC ( and in the Pinetree Property) was the result of fraudulent transactions by the Debtor, the owner of the Debtor, and other of Debtor's affiliated entities. The Thomas County action will necessarily need to be removed to the Bankruptcy Court so that the Court may have all of the related actions before it. [The Maharaja Parties reserve any and all rights with respect to the Adversary Proceeding and the Thomas County action to the extent it is removed to this Court. Specifically, the Maharaja Parties reserve the right to a jury trial, without limitation].

**Relief Requested**

13. By this Objection, the Maharaja Parties request that the Court enter an order denying Debtor's use of Cash Collateral generated from its business, Personal Property, Real Property or otherwise. In the alternative, the Maharaja Parties request Debtor's use of Cash

5

Collateral be (i) conditioned upon adequate protection of the Maharaja Parties' interest in the cash collateral; and (ii) subject to a Court approved budget with which Debtor must strictly comply.

### Basis for Relief

14. Section 363(c)(2) provides that a debtor in possession may *not* use cash collateral *unless* an entity that has an interest in such cash collateral consents or the court approves the use of such cash collateral.  Section 363(p) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor-in-possession has the burden of proof on the issue of adequate protection.  Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than 14 days after service of the motion, but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The Maharaja Parties request that the Court enter an Order denying Debtor's Motion for Authority to Use Cash Collateral and prohibiting Debtor form spending any cash because the Court has not entered an order authorizing such use.

      WHEREFORE, for all of the above reasons, the Maharaja Parties request that the Court:
        a)    Deny Debtor's Motion for Authority to Use Cash Collateral;

        b)    enter an order prohibiting Debtor's use of cash collateral; and

        c)        grant the Maharaja Parties such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED this 3rd day of November, 2020.

        **JONES & WALDEN LLC**

        */s/ Leon S. Jones*
        Leon S. Jones
        Georgia Bar No. 003980
        Attorney for Maharaja Parties
        699 Piedmont Avenue, NE
        Atlanta, Georgia 30308
        (404) 564-9300
        ljones@joneswalden.com

**EXHIBIT A**

**STATEMENT OF FACTS REGARDING THE MAHARAJA PARTIES'
CLAIMS AGAINST PROPERTY OF DEBTOR AND ITS AFFILIATES**

Debtor, Crown Assets, LLC ("Crown Assets"), devotes a substantial part[1] of the Motion to maligning the Petitioners in Adversary Proceeding No. 20-020241,[2] Sahib Arora and Vineet Singh, in an obvious effort to prejudice the Court against them before they have had the opportunity to defend themselves in a proper forum. At the same time, the Debtor has commenced the process, which will undoubtedly continue throughout this case, of trying to convince the Court that the business activities of its sole Member and Manager, Mr. Karan Ahuja, and his relatives are legitimate and above-board. Even though Debtor's allegations regarding the Maharaja parties is largely extraneous and irrelevant to the Motion, Dr. Arora and Mr. Singh file statement in order to answer Debtor's blatantly false accusations and deliberate mischaracterizations of the facts.

Mr. Ahuja is the principal of Debtor and come into this Court *under the pretense* that he earns his living as a "real estate investor" and that the business he conducts through the debtor is legitimate and entitled to the protection of United States bankruptcy laws. The true facts are quite different.

Debtor ( and its 100% member Karan Ahuja) are both named as defendants along with other affiliates in three separate lawsuits pending in the Superior Courts of three different Georgia counties,[3] filed by three sets of plaintiffs, each plaintiff filing independently from the others, each

---

[1] Paragraphs 4 -14

[2] *Sahib Arora et al. v. Charanjeev Singh et al.*, Civil Action File No. 2020CV339119 filed in the Superior Court of Fulton County on August 7, 2020, removed to this Court by the Debtor on October 25, 2020 pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334(b)

[3] *Sahib Arora et al. v. Charanjeev Singh et al.*, Civil Action File No. 2020CV339119 in the Superior Court of Fulton County, *supra*, (Adversary Proceeding No. 20-020241); *TC Federal Bank v. 2551 East Pinetree Blvd, LLC et al.*, Civil Action File No. SUCV202000035 filed on July 21, 2020 in the Superior Court of Thomas, County, and *McClendon Capital, LLC v. King Group MGMT, LLC, Crown Assets, LLC, Charanjeev "Vic" Singh, Karan S. Ahuja, Sahib Arora, Realty First Atlanta, LLC d/b/a Keller Williams, Silver Hill Funding, LLC*, Civil Action File No. 20-A-06961-1 filed on October 16, 2020 in the Superior Court of Gwinnett County

lawsuit pertaining to a different facet of Mr. Ahuja's "real estate investment" activities, each plaintiff alleging that Mr. Ahuja defrauded them in connection with a conveyance of real property, each instance of fraud involving forgery, falsification of documents and false swearing.

The Debtor asserts that Ahuja "…[a]long with his brother Charanjeev Singh, and their parents Jarnail Singh and Jonika Arora…have done well." (See Debtor's Motion" at p. 2, ¶ 5). Debtor's Motion states that they "…have been very successful in recent years and have been quite profitable in buying and selling properties…" *Id*. That they have been successful "in recent years" is a stretch since the Debtor was only formed on August 11, 2019. But there is no question that they have been wildly, extraordinarily successful in obtaining putative title in real estate for no consideration. When Mr. Ahuja arrived in this country from the Republic of India in June of last year at the age of 26, Mr. Ahuja had no home of his own, no automobile, no job and no financial resources of his own. By the end of August 2019, **without spending one red cent**, Crown Assets had managed to obtain possession of a deed or other document of conveyance from King Group MGMT LLC ("King Group")[4] to a one-half (50%) undivided interest in several properties owned by King Group, the parties thereafter owning the properties as 50/50 tenants in common. On a single day, being August 14, 2019, the Debtor was able to acquire a 50% undivided interest from King Group in the following properties:

1. 106 Commerce Street, Fayetteville, Fayette County
2. 2723 Roosevelt Highway, College Park, Fulton County
3. 5754 Attucks Boulevard, Morrow, Clayton County
4. 3811 Flat Shoals Parkway, DeKalb County
5. 5341 Snapfinger Drive, DeKalb County

On that same day, the Debtor also obtained a conveyance of a 28% percent undivided interest (half of King Group's 56% interest) in:

---

[4] Sahib Arora is an 89% Membership owner of King Group. Ahuja is an 11% Membership owner.

2

    6.    <u>2318 Old Cornelia Highway, Gainesville, Hall County</u>

Then, five days later, on August 19, 2019, the Debtor managed to obtain a conveyance from Maharaja Investments, LLC ("Maharaja") of Maharaja's 50% undivided interest, being *100%* of Maharaja's ownership interest, in the following property:

    7.    <u>2551 E Pinetree Boulevard (the Pinetree Plaza Shopping Center)</u>.

Amazingly, as in the case of six properties it obtained from King Group, the Debtor was able to acquire Maharaja's 50% interest in Pinetree Plaza without paying *anything*.

Another property, which the Debtor's brother, Charanjeev Singh, was able to acquire during the banner month of August 2019 despite having very little in the way of known resources at the time except money stolen from King Group and other family members, namely, Vineet Singh and his sister, Harsimran Arora, was this one:

    8.    <u>7530 St. Marlo Country Club Parkway, Forsyth County</u>

Within three months—before the end of November 2019—the Debtor had sold its interest in 5754 Attucks Boulevard, walking away from the closing table with the sum of $341,408.22. Within another three months—before the end of February 2020—the Debtor had sold its interest in 5341 Snapfinger Drive,[5] netting another $541,756.27. Since Ahuja would have been entitled to 11% of the net sales as 11% owner of King Group, his company, the Debtor, earned **$688,968.32** more as a purported 50% owner of the property—without investing any capital, paying any expenses, taking any risks, or paying any other consideration whatsoever.

Debtor reinvested the loan proceeds from 5754 Attucks Boulevard pursuant to Section 1031 of the U.S. Internal Revenue Code to purchase the following property:

---

[5] However, the purchaser, McClendon Capital, LLC filed *McClendon Capital, LLC v. King Group MGMT, LLC, Crown Assets, LLC, Charanjeev "Vic" Singh, Karan S. Ahuja, Sahib Arora, Realty First Atlanta, LLC d/b/a Keller Williams, Silver Hill Funding, LLC*, Civil Action File No. 20-A-06961-1 in the Superior Court of Gwinnett County, *supra*, seeking rescission based of the sale based on fraud allegations against Charanjeev. King Group is being dragged into the litigation since it signed the PSA and was a seller along with the Debtor.

3

9. <u>325 Crooked Stick Drive, Fulton County</u>

The debtor reinvested the loan proceeds from 5341 Snapfinger Drive pursuant to Section 1031 of the U.S. Internal Revenue Code to purchase the following property.

10. <u>90 Hunters Chase, Henry County</u>

The Debtor's spree of obtaining real estate for no consideration continued. Debtor received Maharaja's 50% interest in the Pinetree Plaza Shopping center for no consideration. Maharaja had paid **$700,000** in cash for the ownership interest in the Pinetree Plaza Shopping center just a month before, and in the ensuing five months, the value of the property *quadrupled* due in part due to the signing of a lease with a new anchor tenant.  This means that—without investing any capital, paying any expenses, taking any risks, or paying any other consideration whatsoever—the Debtor found itself the purported owner of a 50% interest in property worth over **$4,300,000**, according to an appraisal in January of 2020.  The deal was not so good for Maharaja, however.  Its principals did not actually know that Maharaja's interest in Pinetree Plaza had been conveyed to the Debtor for nothing.  The supposed "Authorized Singer" for Maharaja was Ahuja's brother, Charanjeev Singh who signed and recorded the deed without their knowledge or consent and without requiring Mr. Ahuja to pay any money for the deed, and without informing Dr. Arora or Vineet Singh of what he had done.

Be that as it may, the Debtor was able to team up with 2551 Pinetree Blvd, LLC ("Pinetree LLC"), which originally purchased a 50% interest in Pinetree Plaza along with Maharaja as its tenant in common and partner in the deal. Debtor and Pinetree LLC (and its principals Shaneel Lalani and Sameer Lalani) obtained a $3,075,884.00 line of credit from TC Federal Bank.  This occurred after Debtor had conveyed its purported half interest (which actually belonged to Maharaja) to Pinetree LLC and Mr. Ahuja became a one-half owner of Pinetree LLC.   With the substantial rental income from Pinetree Plaza (half of which rightfully belongs to Maharaja), the substantial equity in the property (a 50% interest in which rightfully belongs to Maharaja) and the

4

loan proceeds from TC Federal Bank, the Debtor, teaming up with Shaneel Lalani and Sameer Lalani, purchased the following properties:

11. 140 W Dykes Street, Cochran, Bleckley County

12. 2505 S Main Street, Moultrie, Colquitt County

13. 4319 Covington Highway, DeKalb County

14. 1604 E Oglethorpe Blvd, Dougherty County

Dr. Arora and Vineet Singh, along with King Group, Maharaja and another entity, Zillionaire Assets, LLC, filed the Fulton County action, now Adversary Proceeding No. 20-020241, to recover King Group's title to 106 Commerce Street, 2723 Roosevelt Highway, 3811 Flat Shoals Parkway and 2318 Old Cornelia Highway, upon the grounds that the Debtor acquired them through extortion and fraud, as set forth in the **Petition for Relief under the Georgia Racketeer Influenced and Corrupt Organizations Act, Quiet Title, Injunction, Rescission and Other Equitable Relief, Declaratory Judgment and Damages** (Count XIV—Imposition of a Constructive Trust).

King Group seeks the Imposition of an Equitable Lien (Count XIII) upon 325 Crooked Stick Drive and 90 Hunters Chase for recovery of the $688,968.32 received by the Debtor from the sale of Attucks Boulevard and Snapfinger Drive, which the Debtor also acquired through extortion and fraud, and reinvested in those properties under Section 1031 of the I.R.C.

King Group also seeks the Imposition of an Equitable Lien (Count XIII) upon 7530 St. Marlo Country Club Parkway for recovery of the converted funds used to purchase the property, as will be shown by the evidence, and Maharaja seeks the Imposition of an Equitable Lien (Count XIII) upon    140 W Dykes Street, 2505 S Main Street, 4319 Covington Highway and 1604 E Oglethorpe Boulevard for recovery of the converted rental income used by the Debtor to acquire the properties. In addition to those claims, or alternatively to them, Maharaja seeks to recover the properties themselves. *See* **First Amended and Restated Petition** (Count XXII—

Misappropriation of Business Opportunities).

  Respectfully submitted this 3rd day of November, 2020.

              **THE DOMINY LAW FIRM, LLC**

              */s/ Michael A. Dominy*
              Michael A. Dominy
              Georgia Bar No. 225335
              Litigation Counsel for Maharaja Parties
              729 Piedmont Avenue, NE
              Atlanta, Georgia 30308
              (404) 900-9570
              michael@dominylaw.net

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| IN RE:<br><br>**CROWN ASSETS, LLC,**<br><br>　　　Debtor. | CHAPTER 7<br><br>CASE NO.  20-21451-jrs |

### **CERTIFICATE OF SERVICE**

　　　This is to certify that on this date the foregoing "Objection to Debtor's Motion for Authority to Use Cash Collateral" was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Objection to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Benjamin Keck**    bkeck@rlklawfirm.com, mwinokur@rlklawfirm.com; swenger@rlklawfirm.com;csmith@rlklawfirm.com;bwenger@rlklawfirm.com
- **David S. Klein**    dklein@rlklawfirm.com, swenger@rlklawfirm.com; yalamin@rlklawfirm.com;R71213@notify.bestcase.com;csmith@rlklawfirm.com;1030641420@filings.docketbird.com;bwenger@rlklawfirm.com
- **Office of the United States Trustee**    ustpregion21.at.ecf@usdoj.gov
- **William A. Rountree**    wrountree@rlklawfirm.com, swenger@rlklawfirm.com; yalamin@rlklawfirm.com;6717577420@filings.docketbird.com;R71213@notify.bestcase.com;csmith@rlklawfirm.com;ablanco@rlklawfirm.com;bwenger@rlklawfirm.com
- **Todd H. Surden**    todd.surden@hartmansimons.com, deloris.person@hartmansimons.com
- **David S. Weidenbaum**    david.s.weidenbaum@usdoj.gov

This 3rd day of November, 2020.

　　　　　　　　　　　　　　　　　　　　　　　　**JONES & WALDEN LLC**

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Leon S. Jones*
　　　　　　　　　　　　　　　　　　　　　　　　Leon S. Jones
　　　　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 003980
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Maharaja Parties
　　　　　　　　　　　　　　　　　　　　　　　　699 Piedmont Avenue, NE
　　　　　　　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30308
　　　　　　　　　　　　　　　　　　　　　　　　(404) 564-9300
　　　　　　　　　　　　　　　　　　　　　　　　ljones@joneswalden.com