IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CROWN ASSETS, LLC,<br><br>    Debtor. | CHAPTER 7<br><br>CASE NO. 20-21451-jrs |

**BRIEF IN SUPPORT OF THE OBJECTION TO DEBTOR'S
MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

COME NOW Sahib Arora, Vineet Singh, King Group MGMT LLC, Maharaja Investments LLC, and Zillionaire Assets LLC (collectively, the "Arora Parties") and hereby file this brief in support of the "Objection to Debtor's Motion for Authority to Use Cash Collateral" filed on November 3, 2020 (the "Objection") (Doc. No. 23). In further support of the Objection, the Arora Parties show the Court as follows:

Crown Assets, LLC ("Debtor") requests authorization from the Court to use cash collateral for "general operational and administrative expenses as set forth in the Budget." Cash Collateral Motion, ¶ 17. Debtor asserts that it will use the Cash Collateral "in the normal and ordinary course of operating its business." *Id*. Debtor further asserts that it will use cash collateral "for the purpose of avoiding immediate and irreparable harm to its estate." Id. at ¶ 19. The only expenses that Debtor includes in its budget, however, are (i) the interest carries on two secured loans, (ii) purported funding of the escrow accounts on those loans, and (iii) paying its principals $60,000 over the 13-week period budgeted. None of these expenses are "general operational" expenses. None of these expenses are incurred "in the normal and ordinary course of operating its business." And Debtor has not and cannot show that paying these expenses from cash collateral would avoid "immediate and irreparable harm" to the bankruptcy estate.

Among the remedies sought by the Arora Parties in the Fulton Adversary[1] based upon the facts asserted are: (a) the imposition of an equitable lien (Count XIII), and (b) the imposition

---

[1] Capitalized terms in this Brief have the same meaning as set forth in the Objection.

1

of a constructive trust (Count XIV). The imposition of an equitable lien will determine the extent and priority of the Arora Parties' lien on assets of Debtor's estate. The imposition of a constructive trust will determine which of Debtor's asserted assets are actually part of Debtor's estate. "The traditional distinction between a constructive trust and an equitable lien is that the beneficiary of a constructive trust receives complete title to the asset whereas the holder of an equitable lien receives only a lien on the asset through which it may satisfy a money claim." *Cadle Co. v. Mangan (In re Flanagan)*, 503 F.3d 171, 183 (2d Cir. 2007)

A constructive trust is an equitable remedy to prevent unjust enrichment. *See U.S. v. Ramunno*, 599 F.3d 1269, 1274 (11th Cir. 2010). Unlike a statutory trust, it does not arise automatically. *See id*. "A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." O.C.G.A. § 53-12-132. The Court will make a determination on the merits of the Arora Parties' claims in the Fulton Adversary. The Arora Parties' simply request that the Court not allow Debtor to use the Arora Parties' property, or any property that the Court may ultimately determine to be the Arora Parties' property, for any purpose other than preservation of the property itself.

Section 541 of the Bankruptcy Code includes as property of the estate "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Notably, § 541 does not include any *illegal* interest of the debtor in property. *See In re Teltronics, Ltd.*, 649 F.2d 1236, 1239 (7th Cir. 1981) ("it is settled that property obtained by fraud of the bankrupt is not part of the bankrupt's estate"). Moreover, § 541(d) provides:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest … becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

2

11 U.S.C. § 541(d). A constructive trust is one such scenario. *See In re Cotton*, No. A01-66915-PWB, 2004 Bankr. LEXIS 440, at *7 (Bankr. N.D. Ga. Feb. 17, 2004). Constructive trusts are not prohibited by the Bankruptcy Code. *See, e.g., In re N.S. Garrott & Sons*, 772 F.2d 462, 464 (8th Cir. 1985) (setting aside escrow funds as constructive trust in Chapter 11 case). *See also, e.g., Hakim v. Dwek (In re Dwek)*, Nos. 07-11757, 07-1764, 2009 Bankr. LEXIS 5486 (Bankr. D.N.J. Apr. 27, 2009) (imposing constructive trust where debtor purchased property in its name only when agreement provided for half ownership with constructive trust beneficiary); *Cruse v. Burch (In re Zhang)*, 562 B.R. 190, 199 (Bankr. E.D. Mo. 2017) (establishing constructive trust where "[d]ebtor's fraud is so egregious and deceptive that the principles of equity outweigh prejudice to other creditors"); *In re United States Lines, Inc.*, 79 B.R. 542 (Bankr. S.D.N.Y. 1987) (imposing constructive trust on traceable funds subject to duty of restitution).

"Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 54-55 (1979). A determination that property is held in a constructive trust determines ownership of the property. "[T]he effect of a constructive trust in bankruptcy is to take the property out of the debtor's estate and to place the constructive trust claimant ahead of other creditors with respect to the trust res." *In re Flanagan*, 503 F.3d at 182.

With respect to whether the automatic stay would prevent the imposition of a constructive trust, "it is generally held that a constructive trust arises at the time the equities arise, not at the time a court determines that a constructive trust exists." *In re Cotton*, 2004 Bankr. LEXIS at *8 (citing *United States v. 1490 Mount Alto Road, Rome, Floyd County, Ga.*, 830 F.Supp. 1476, 1481-82 (N.D. Ga. 1993)). "There is no foundation whatever for the notion that a constructive trust does not arise until it is decreed by a court. It arises when the duty to make restitution arises, not when that duty is subsequently enforced." *In re Gen. Coffee Corp.*,

3

828 F.2d 699, 703 n.5 (11th Cir. 1987) (quoting A. Scott, *The Law of Trusts* § 462.4 (3d ed. 1967)). Thus, a determination by this Court that Debtor is holding the Arora Parties' property in constructive trust would determine that the properties to which Debtor purports to hold legal title were already property of the Arora Parties' trust when Debtor filed this bankruptcy case.

Two of the issues before the Court in the Fulton Adversary are the priority and extent of the Arora Parties' equitable liens and whether the property that Debtor asserts is property of Debtor's estate *is* property of its estate. The Arora Parties' claims, if successful, will establish (i) that some or all of the property that Debtor asserts is property of the estate is actually held by Debtor in trust for the Arora Parties as contemplated under § 541(d), and (ii) that the Arora Parties hold equitable liens on property of Debtor's estate that may prime other liens on the property. If the Arora Parties are successful in the Fulton Adversary, then Debtor's request to use cash collateral would be better characterized as a request (i) to pay the interest carry on junior liens or interests, and (ii) to use the Arora Parties' property to pay Debtor's principals and service the debts of Debtor and its principals. A request to use the Arora Parties' property to pay Debtor's principals and service the debts of others (Debtor and its principals), even if it were properly presented, would be absurd and would have no foundation in the Bankruptcy Code.

Debtor cites an unpublished decision in *In re 58 Blackland, LLC*, Case No. 14-71930, Docket Entry 97 (Bankr. N.D. Ga June 18, 2015) as authority that the Arora Parties could not be successful in the Fulton Adversary because the Court would not and could not, under any circumstances, grant the imposition of a constructive trust. The ruling in *In re 58 Blackland* was a ruling on the facts before that Court. The decision is not binding on this Court, but even if it were, the factual differences between those outlined in that decision and those alleged in the Fulton Adversary are significant.

In *Blackland*, the creditors asserted their ownership interest at the hearing on the trustee's motion to sell more than five months after the case was filed. The creditors never established that they had an ownership interest to assert. Here, the Fulton Adversary is actively

4

pending before this Court after its initiation in the Superior Court of Fulton County and its subsequent removal to this Court by Debtor following the filing of this bankruptcy case. If the Arora Parties' claims ultimately prove successful, then the only obstacle to their enjoyment of their property is this bankruptcy case. In *Blackland*, the creditors relied on their filing of a *lis pendens* to assert an interest in the property at issue. Here, a *lis pendens* was filed on the properties which Debtor asserts to be property of Debtor's bankruptcy estate, but the Arora Parties do not rely merely on the *lis pendens* to establish their ownership interest. The Arora Parties rely on Georgia law to establish their ownership interest, and the Arora Parties were seeking a determination under Georgia law in the Fulton Action prior to the filing of this bankruptcy case. The *lis pendens* served as notice to any third parties, including any potential bona fide purchasers, that the case was pending and that relief in the form of equitable lien and constructive trust were at issue. Indeed, Debtor's stated reason for filing this case was the cloud on title that resulted from the *lis pendens* and the pending Fulton Action.

Importantly, *In re 58 Blackland* deals with misappropriated funds, *i.e.*, funds that were lawfully obtained and fraudulently used. The Arora Parties allege in the Fulton Adversary that the funds and property that Debtor claims are estate property were fraudulently or illegally obtained, and so were never lawfully the property of Debtor. Most notably, the debtor in *In re 58 Blackland* scheduled 28 secured creditors with just over $2 million in debts (most holding materialman's liens) and $856,033 in unsecured debts. In contrast, Debtor's List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders shows five unsecured creditors holding total unsecured debt of $16,464.65, including a "consumer debt" of $5,000, a $1,204 water bill, and a $6,900 pest control bill. Unlike the *In re 58 Blackland* Court or the courts in many of the cases cited in *In re 58 Blackland*, this Court need not balance the equities of a large unsecured creditor pool.

The Arora Parties are seeking a determination on the merits of their claims in the Fulton Adversary. If successful, the Arora Parties will establish the extent and priority of their interest in

certain property and will establish uncontrovertibly that other property is not property of the estate. The adjudication on the merits of the Arora Parties' claims was thwarted by the filing of this bankruptcy case. Surely equity does not demand that Debtor's timing destroy whatever interest the Arora Parties possess in their property.

WHEREFORE, for all of the above reasons, the Arora Parties request that the Court:

a) Deny Debtor's Motion for Authority to Use Cash Collateral;

b) enter an order prohibiting Debtor's use of cash collateral; and

c) grant the Arora Parties such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED this 17th day of November, 2020.

**JONES & WALDEN LLC**

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
Attorney for Arora Parties
699 Piedmont Avenue, NE, Atlanta, Georgia 30308
(404) 564-9300
ljones@joneswalden.com

**THE DOMINY LAW FIRM, LLC**

*/s/ Michael A. Dominy*
Michael A. Dominy
Georgia Bar No. 225335
Counsel for Arora Parties
729 Piedmont Avenue, NE, Atlanta, Georgia 30308
(404) 900-9570
michael@dominylaw.net

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**CROWN ASSETS, LLC,**<br><br>    **Debtor.** | **CHAPTER 7**<br><br>**CASE NO.  20-21451-jrs** |

**CERTIFICATE OF SERVICE**

This is to certify that on this date the foregoing "Brief in Support of the Objection to Debtor's Motion for Authority to Use Cash Collateral" was electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Brief to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Benjamin Keck**    bkeck@rlklawfirm.com, mwinokur@rlklawfirm.com; swenger@rlklawfirm.com;csmith@rlklawfirm.com;bwenger@rlklawfirm.com
- **David S. Klein**    dklein@rlklawfirm.com, swenger@rlklawfirm.com; yalamin@rlklawfirm.com;R71213@notify.bestcase.com;csmith@rlklawfirm.com;1030641420@filings.docketbird.com;bwenger@rlklawfirm.com
- **Office of the United States Trustee**    ustpregion21.at.ecf@usdoj.gov
- **William A. Rountree**    wrountree@rlklawfirm.com, swenger@rlklawfirm.com; yalamin@rlklawfirm.com;6717577420@filings.docketbird.com;R71213@notify.bestcase.com;csmith@rlklawfirm.com;ablanco@rlklawfirm.com;bwenger@rlklawfirm.com
- **Todd H. Surden**    todd.surden@hartmansimons.com, deloris.person@hartmansimons.com
- **David S. Weidenbaum**    david.s.weidenbaum@usdoj.gov

This 17th day of November, 2020.

JONES & WALDEN LLC

/s/ Leon S. Jones
Leon S. Jones
Georgia Bar No. 003980
Attorney for Arora Parties
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
ljones@joneswalden.com
