

**IT IS ORDERED as set forth below:**

**Date: February 18, 2021**

_____
**James R. Sacca**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO.  20-21451-JRS** |
| **CROWN ASSETS, LLC,** | **CHAPTER 11** |
| **Debtor.** | |

**ORDER GRANTING**
**MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH**
**DEBTOR MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

Upon consideration of the motion (the "**Motion**")[1] of the Debtor for entry of an order under

Bankruptcy Code section 1121(d) extending the Debtor's exclusive period to file a chapter 11 plan

and to solicit votes to approve a chapter 11 plan (the "**Exclusivity Periods**"); and this Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core

---

[1]  All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and all parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

The Motion is GRANTED as set forth herein.

Pursuant to Bankruptcy Code section 1121(d), no party, other than the Debtor, may file any chapter 11 plan from the date hereof through and including **June 22, 2021**.

Pursuant to Bankruptcy Code section 1121(d), no party, other than the Debtor, may solicit votes to accept a proposed chapter 11 plan filed with this Court during the period from the date hereof through and including **August 23, 2021.**

Nothing herein shall prejudice the Debtor's right to seek further extensions of the Exclusivity Periods consistent with Bankruptcy Code section 1121(d).

Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### END OF ORDER ###

-3-

**Prepared and presented by:**

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Benjamin R. Keck*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
*Attorneys for the Debtor*

-3-

## Distribution List

William A. Rountree
Benjamin R. Keck
ROUNTREE LEITMAN & KLEIN, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

David S. Weidenbaum
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303