**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO. 20-21451-JRS** |
| **CROWN ASSETS, LLC,** | **CHAPTER 11** |
| Debtor. | |

**NOTICE OF HEARING ON DEBTOR'S SECOND
MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH
DEBTOR MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

  **PLEASE TAKE NOTICE** that Crown Assets, LLC (the "**Debtor**") has filed a Motion to Extend the Exclusive Periods During Which the Debtor may File and Solicit Acceptances of a Chapter 11 Plan (the "**Motion**"), along with related papers with the Court seeking an order extending the exclusive periods during which the Debtor may file and solicit acceptances of a chapter 11 plan. The Motion is on file in the office of the Clerk, Sidney O. Smith Federal Building and United States Courthouse, 121 Spring Street SE, Gainesville, GA 30501, room 120 and is available to the public for review during business hours. You may also obtain a copy by contacting Debtor's counsel, Benjamin Keck by email at bkeck@rlklawfirm.com.

  **If you object to the relief requested in this pleading, you must timely file your response with the Bankruptcy Clerk** at United States Bankruptcy Court, Room 120, 121 Spring Street, SE, Gainesville, Georgia 30501, and serve a copy on the objector's attorney, Rountree Leitman & Klein, Attn: Benjamin R. Keck, Century Plaza I, 2987 Clairmont Road, Suite 350, Atlanta, Georgia 30329, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

  A hearing on the pleading has been scheduled for **June 10, 2021 at 10:30 a.m. in Courtroom 103, Sidney O. Smith Federal Building and United States Courthouse, 121 Spring Street, SE, Gainesville, Georgia 30501**. If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no response or objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

  **Given the current public health crisis, hearings may be telephonic only**. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website www.ganb.uscourts.gov prior to the hearing for instructions on whether to appear in person or by phone.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: May 6, 2021

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Taner N. Thurman*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO. 20-21451-JRS** |
| **CROWN ASSETS, LLC,** | **CHAPTER 11** |
| Debtor. | |

### SECOND MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH DEBTOR MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN

Crown Assets, LLC (the "**Debtor**") hereby files this motion (the "**Motion**"), pursuant to section 1121(d) of the Bankruptcy Code for entry of an order extending the time within which the Debtor may file and solicit acceptances of a chapter 11 plan. In support of this Motion, the Debtor respectfully states as follows:

#### STATUS OF THE CASE

1. On October 25, 2020 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor operates and manages its businesses as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner, and a creditors' committee has not been appointed in this case.

#### JURISDICTION, VENUE, AND STATUTORY PREDICATES

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

### RELIEF REQUESTED

6. By this Motion, the Debtor requests entry of an order under Bankruptcy Code section 1121(d) extending the periods within which only the Debtor may file a chapter 11 plan and solicit acceptances thereof by approximately 120 days.

7. On February 18, 2021, the Court entered an order granting Debtor's Motion to Extend the Exclusive Periods During Which Debtor May File and Solicit Acceptances of a Chapter 11 Plan [Doc. 104].

8. Unless extended, the Debtor's Plan Period and Solicitation Period (each as defined below, and together, the "**Exclusivity Periods**") will expire on June 22, 2021 and August 23, 2021, respectively. The Debtor seeks to extend the Plan Period and Solicitation Period through and including October 20, 2021 and December 20, 2021, respectively, without prejudice to the Debtor's right to seek further extensions of both periods.[1] This is the Debtor's second request for an extension of the Exclusivity Periods.

### BASIS FOR RELIEF

9. Bankruptcy Code section 1121(b) provides for an initial 120-day period after the Petition Date within which a debtor has the exclusive right to file a chapter 11 plan of reorganization (the "**Plan Period**"). Bankruptcy Code section 1121(c) further provides for an initial 180-day period after the Petition Date within which a debtor has the exclusive right to solicit

---

[1] The 180th day is December 19, 2021, which is a Sunday, so the Debtor is requesting the extension through the next business day, December 20, 2021.

and obtain acceptances of a plan filed by the debtor during the Plan Period (the "**Solicitation Period**").

10. Under Bankruptcy Code section 1121(d), the Court may extend the Exclusivity Periods for cause. Specifically, Bankruptcy Code section 1121(d)(1) provides: "[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). Courts have identified several key factors relevant to a determination of whether cause exists under Bankruptcy Code section 1121(d), including the following:

 a. the size and complexity of the case;

 b. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information,

 c. the existence of good faith progress toward reorganization;

 d. the fact that the debtor is paying its bills as they become due;

 e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

 f. whether the debtor has made progress in negotiations with its creditors;

 g. the amount of time which has elapsed in the case;

 h. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

 i. whether an unresolved contingency exists.

See *In re Adelphia Commc'ns Corp.,* 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y.

2011); *In re Cent. Jersey Airport Servs.*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *cf. Geriatrics Nursing Home, Inc. v. First Fid. Bank, N.A. (In re Geriatrics Nursing Home, Inc.)*, 187 B.R. 128, 132-33 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy . . . creditors and win support for its restructuring . . . and thus ensure its survival as a business.").

11. Not all of the above factors are relevant in every case, and courts use only the relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g., In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two factors in holding that cause exists to extend exclusivity); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100-01 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that debtor showed "cause" to extend exclusivity based on three of the factors).

12. Debtors are frequently granted such extensions in light of the particular circumstances of a case, in order to provide adequate opportunity to develop a plan of reorganization. *See, e.g., In re Dendreon Corp.*, Case No. 14-12515 (LSS) (Bankr. D. Del. April 10, 2015) (granting an initial 110-day extension of the exclusive periods); *In re Savient Pharm., Inc.*, Case No. 13-12680 (MFW) (Bankr. D. Del. Feb. 21, 2014) (granting an initial 90-day extension of the exclusive periods); *In re NE Opco, Inc.*, Case No. 13-11483 (CSS) (Bankr. D. Del. Oct. 30, 2013) (granting an initial 90-day extension of the exclusive periods); *In re Exide Techs.*, Case No. 13-11482 (KJC) (Bankr. D. Del. Oct. 15, 2013) (granting an initial 235-day extension of the exclusive filing period and a 229-day extension of the exclusive solicitation period); *In re Yarway Corp.*, Case No. 13-11025 (BLS) (Bankr. D. Del. Aug. 16, 2013) (granting

an initial 120-day extension of the exclusive filing period and a 121-day extension of the exclusive solicitation period); *In re LCI Holding Co., Inc.*, Case No. 12-13319 (KG) (Bankr. D. Del. Apr. 5, 2013) (granting an initial 143-day extension of the exclusive periods).

13. In evaluating whether an extension under Bankruptcy Code section 1121(d) is warranted, courts are given maximum flexibility to review the particular facts and circumstances of each case. *See First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) ("Section 1121(d) provides the Bankruptcy Court with flexibility to either reduce or increase the period of exclusivity in its discretion."); *In re Borders Grp., Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Amko Plastics, Inc.,* 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest . . . we hold that debtor has shown cause for the extension . . . ."); *In re Pub. Serv. Co.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility . . . ."); H.R. Rep. No. 95-595, at 232 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191 ("[T]he bill allows the flexibility for individual cases that is unavailable today.").

14. As set forth herein, the facts and circumstances of this Chapter 11 case warrants the requested extension of the Exclusivity Periods. The Debtor continues to make good faith efforts to reorganize and will continue to do so for the remainder of the case.

15. The Debtor seeks an extension of the Exclusivity Periods to provide sufficient time for the parties or the Court to resolve the issues raised in the adversary proceeding, Case Number 20-02041, (the "**Adversary Proceeding**"). The parties are currently in the midst of discovery. Once discovery is complete, the parties will begin trial preparation and conduct a trial.

16. The Adversary Proceeding's outcome will ultimately impact the Debtor's property. Any plan of reorganization filed in this case will hinge on the outcome of the Adversary Proceeding. Thus, the Debtor seeks additional time for the parties or the Court to reach a resolution of the Adversary Proceeding, so that the Debtor can address the resolution in any subsequent plan of reorganization.

17. The Debtor anticipates filing a plan in the coming months and seeks an extension to the Exclusivity Periods to preclude the costly disruption and instability that would occur if competing plans were proposed either before the Debtor's plan is confirmed, or, if the Debtor's plan is not confirmed, before the Debtor has a meaningful opportunity to work with its key constituencies to put forth an amended proposal.

18. This Motion is the Debtor's second request for an extension of the Exclusivity Periods, and the request will not unfairly prejudice or pressure the Debtor's creditor constituencies or grant the Debtor any unfair bargaining leverage. The Debtor needs creditor support to confirm any plan, so the Debtor is in no position to impose or pressure its creditors to accept unwelcome plan terms. *See* 11 U.S.C. § 1129(a)(10) (plan confirmation requires accepting impaired class of creditors). The Debtor seeks an extension of the Exclusivity Periods to advance the case and continue good faith negotiations with its stakeholders.

19. Premature termination of the Exclusivity Periods may engender duplicative expense and litigation associated with multiple competing plans. Any litigation with respect to competing plans and resulting administrative expenses will only decrease recoveries to the Debtor's creditors and significantly delay, if not undermine entirely, the possibility of prompt confirmation of a plan of reorganization.

20. Given the consequences for the Debtor's estate if the relief requested herein is not granted and the substantial progress made to date, the requested extension of the Exclusivity Periods will not prejudice the legitimate interests of any party in interest in this case. Rather, the extension will further the Debtor's efforts to preserve value and avoid unnecessary and wasteful litigation.

21. Courts considering whether to extend a debtor's exclusive periods also may assess whether the debtor is paying its debts when they come due. *See In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Here, the Debtor is paying its undisputed post-petition obligations as they come due.

### RESERVATION OF RIGHTS

22. The Debtor reserves all rights to request further extensions of the Exclusivity Periods as necessary and appropriate.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: May 6, 2021                                  **ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Taner N. Thurman*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
*Attorneys for the Debtor*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In Re:** | **CASE NO. 20-21451-JRS** |
| **CROWN ASSETS, LLC,** | **CHAPTER 11** |
| Debtor. | |

**ORDER GRANTING**
**SECOND MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH**
**DEBTOR MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

Upon consideration of the motion (the "**Motion**")[1] of the Debtor for entry of an order under Bankruptcy Code section 1121(d) extending the Debtor's exclusive period to file a chapter 11 plan and to solicit votes to approve a chapter 11 plan (the "**Exclusivity Periods**"); and this Court having

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and all parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code section 1121(d), no party, other than the Debtor, may file any chapter 11 plan from the date hereof through and including **October 20, 2021**.

3. Pursuant to Bankruptcy Code section 1121(d), no party, other than the Debtor, may solicit votes to accept a proposed chapter 11 plan filed with this Court during the period from the date hereof through and including **December 20, 2021.**

4. Nothing herein shall prejudice the Debtor's right to seek further extensions of the Exclusivity Periods consistent with Bankruptcy Code section 1121(d).

5. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

### END OF ORDER ###

-3-

**Prepared and presented by:**

ROUNTREE LEITMAN & KLEIN, LLC

*/s/ Taner N. Thurman*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
*Attorneys for the Debtor*


**Distribution List**

William A. Rountree
Benjamin R. Keck
ROUNTREE LEITMAN & KLEIN, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

David S. Weidenbaum
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303