**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>CROWN ASSETS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-21451-JRS |

**EMERGENCY MOTION TO APPROVE SETTLEMENT AGREEMENT UNDER**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Crown Assets, LLC ("**Debtor**"), brings this Emergency Motion to Approve Settlement Agreement Under Federal Rule of Bankruptcy Procedure 9019, resolving the Debtor's claims against JW ELC (The Academy of Early Learning), LLC ("**Tenant**"), and the Tenant's counterclaims against the Debtor, in the dispossessory action pending in the State Court of Henry County, Georgia, Case No. STSV2021000958 (the "**Dispossessory Proceeding**"), and shows the Court:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this motion under 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1409. Consideration of this motion is a core proceeding under 28 U.S.C. § 157(b).

2.     The predicates for the relief sought are found in 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019.

**BACKGROUND**

3.     On October 25, 2020 (the "**Petition Date**"), the Debtor commenced the underlying bankruptcy case by filing a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code.

4. The Debtor has continued in possession of its properties and is operating and managing its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors' committee has been appointed.

5. The Debtor owns the commercial property located at 90 Hunters Chase, McDonough, Georgia (the "**Premises**").

6. The Tenant entered into a lease agreement with the Debtor dated April 22, 2020 to lease the Premises for its childcare facility (the "**Lease**").

7. The Tenant failed to make any rent payments and on June 8, 2021 the Debtor sent a letter terminating the Lease (the "**Lease Termination**").

8. The Debtor then initiated the Dispossessory Proceeding on June 11, 2021.

9. The Tenant filed Counterclaims against the Debtor in the Dispossessory Proceeding (the "**Counterclaims**"), alleging, among other things, that the Debtor failed to compete improvements to the Premises as required by the Lease.

10. The Debtor and the Tenant (collectively, the "**Parties**") have negotiated a settlement to resolve the claims made in the Dispossessory Proceeding and Counterclaims. A copy of the Parties' written settlement agreement is attached as Exhibit A (the "**Agreement**"). The significant material terms of the Agreement are as follows:[1]

- **Commencement Date.** The Commencement Date under the Lease shall be July 1, 2021.

- **Improvements.** Debtor has no further responsibility to perform punch list items or other improvements that were defined in the Lease. Tenant will compete, at its own expense, any remaining work on the Premises. Tenant waves claims that it has or may have for reimbursement of costs and expenses that it incurred for labor and materials to perform or complete the tenant improvements.

---

[1] The following is a summary of some of the material terms of the Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Agreement, the Agreement governs and controls.

- **Rent Payments.** Rent shall be due and payable on the 14th day of each month. The first monthly rent payment is due July 14, 2021. Base Rent for July 2021, August 2021, September 2021, and October 2021 shall be paid at the reduced rate of $10,000.00 per month. Beginning in November 2021, monthly Base Rent payments in the regular amount of $14,600.00 shall commence. The Base Rent shall thereafter increase based on the schedule set forth in section 5(A) of the Lease.

- **Payment of Past Due Rent.** Tenant shall pay $40,000.00 total as rent for the months prior to June 1, 2021 during which it has occupied the Premises. This sum will be paid beginning January 2022 in equal installments of $2,000.00, to be paid in addition to monthly rent over a period of twenty (20) consecutive months.

- **Withdrawal of Lease Termination.** Debtor withdraws its Lease Termination. The Lease is in full effect.

## RELIEF REQUESTED

11. By this Motion, the Debtor seeks the entry of an order approving the Agreement, substantially in the form attached hereto as Exbibit B, approving the Agreement in all respects.

## BASIS FOR RELIEF

12. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

13. The standard for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990):

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

14. Under the standard set forth above, the Debtor submits that the Court should approve the Agreement, as it will eliminate the difficulties and costs of litigating the Dispossessory Proceeding and achieves a fair and reasonable result. In the Debtor's judgment, this resolution is the best possible course of action to maximize the creditors' potential recoveries while minimizing costs incurred by the estate. This resolution is justified by the nature of the dispute between the Parties and the facts of the case.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order:

a) granting this Motion and approving the Agreement; and

b) granting such other relief as is just and proper.

Dated: July 30, 2021

                               **ROUNTREE LEITMAN & KLEIN, LLC**

                               */s/ Elizabeth A. Childers*
                               William A. Rountree, Ga. Bar No. 616503
                               Benjamin R. Keck, Ga. Bar No. 943504
                               Elizabeth A. Childers, Ga. Bar No. 143546
                               Century Plaza I
                               2987 Clairmont Road, Suite 350
                               Atlanta, Georgia 30329
                               (404) 584-1238 Telephone
                               wrountree@rlklawfirm.com
                               bkeck@rlklawfirm.com
                               echilders@rlklawfirm.com
                               *Attorneys for Debtor*

# EXHIBIT A

## Settlement Agreement

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Agreement**"), executed on July 30, 2021, is entered into by and between JW ELC (The Academy of Early Learning), LLC ("**Tenant**") and Crown Assets, LLC ("**Landlord**"). Tenant and Landlord (collectively, the "**Parties**" or each a "**Party**") have agreed to resolve their dispute as set forth below.

# RECITALS

WHEREAS, Landlord owns the commercial property located at 90 Hunters Chase, McDonough, Georgia (the "**Premises**");

WHEREAS, Tenant entered into a lease agreement with Landlord dated April 22, 2020 to lease the Premises for a childcare facility (the "**Lease**"), a copy of which is attached hereto as **Exhibit 1**;

WHEREAS Landlord filed a petition for relief under chapter 11 of the United States Bankruptcy Code on October 25, 2020 in the United States Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**"), thereby commencing bankruptcy case no. 20-21451 (the "**Bankruptcy Case**");

WHEREAS, Landlord alleges that Tenant failed to make any rent payments and on June 8, 2021, Landlord sent a letter terminating the Lease (the "**Lease Termination**");

WHEREAS, Landlord initiated a dispossessory proceeding in the State Court of Henry County, Georgia on June 11, 2021, Civil Action File No. STSV2021000958 (the "**Dispossessory Action**");

WHEREAS Tenant filed Counterclaims, as amended, against Landlord in the Dispossessory Action (the "**Counterclaims**");

WHEREAS the Parties desire to resolve and terminate any controversies or claims made in the Dispossessory Action and Counterclaims, and concerning the Premises;

NOW THEREFORE, for and in consideration of the promises and mutual covenants contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

**1. Commencement Date.** The parties agree that all of the contingencies regarding determination of the Commencement Date, including the completion of tenant improvements and renovations and the lifting of Coronavirus Control Measures by Federal and State authorities, are deemed to have been met on July 1, 2021. The Commencement Date under the Lease shall be July 1, 2021.

2. **Improvements.** Landlord has no further responsibility to perform punch list items or other improvements that were defined in the Lease, including Exhibit B thereof. Tenant will compete, at its own expense, any remaining work on the Premises. Tenant waves claims that it has or may have for reimbursement of costs and expenses that it incurred for labor and materials to perform or complete the tenant improvements.

3. **Repairs.** Landlord remains responsible for future repair responsibilities as stated in the Lease.

4. **Waiver of Free Rent.** The three (3) free months of rent provided for in the Lease is waived.

5. **Commencement of Rent Payments and Due Date.** Rent shall be due and payable on the 14th day of each month. The first monthly rent payment is due July 14, 2021. Rent payments shall be made at the following address: Crown Assets, LLC, c/o Charanjeev Singh, 200 Glenridge Point Parkway, Suite 100, Atlanta, GA 30341.

6. **Reduced Base Rent.** Base Rent for July 2021, August 2021, September 2021, and October 2021 shall be paid at the reduced rate of $10,000.00 per month.

7. **Regular Base Rent.** Beginning in November 2021, monthly Base Rent payments in the regular amount of $14,600.00 shall commence. The Base Rent shall thereafter increase based on the schedule set forth in section 5(A) of the Lease.

8. **Payment of Amounts Due Prior to June 1, 2021.** Tenant shall pay $40,000.00 total as rent for the months prior to June 1, 2021 during which it has occupied the Premises. This sum will be paid beginning January 2022 in equal installments of $2,000.00, to be paid in addition to monthly rent over a period of twenty (20) consecutive months.

9. **Payment of July 2021 and August 2021 Base Rent.** Upon execution of this Agreement, Tenant will pay to Landlord's counsel, Rountree Leitman & Klein, the amount of $20,000.00 for July 2021 and August 2021 Base Rent.

10. **Security Deposit.** Tenant has paid, and Landlord holds, the security deposit as required by Paragraph 7 of the Lease.

11. **Dismissal of the Dispossessory Action and Counterclaims.** Within ten (10) days of approval of this Agreement by the Bankruptcy Court as discussed in Paragraph 16 below, the Parties shall file a Joint Dismissal of the Dispossessory Action and Counterclaims.

12. **Enrollment Numbers.** Tenant represents and warrants that prior to execution of this Agreement it has provided to Landlord a printout confirming true and correct enrollment numbers in the childcare facility operated on the Premises for the previous three (3) months.

13. **Written Statement.** Within ten (10) days of the execution of this Agreement, Landlord shall provide to Tenant a written statement, to be distributed by Tenant to families and employees and with content acceptable to Tenant, regarding the roof replacement, rumors of an alleged sale of the building, rumors of an alleged transfer/change in ownership of the childcare facility, and confirmation that Tenant is the sole tenant authorized to use and possess the Premises.

14. **Default within Six Months.** Should Tenant default on any monetary obligations for a period of six (6) months from the execution of this Agreement, Tenant agrees to waive all defenses related to non-payment and will not oppose Landlord obtaining a writ of possession through a newly filed dispossessory proceeding.

15. **Withdrawal of Lease Termination; Modification of the Lease.** Landlord withdraws its Lease Termination. This Agreement shall modify the terms of the Lease as set forth herein. All other provisions of the Lease remain in full effect.

16. **Approval by the Bankruptcy Court.** The terms of this Agreement are subject to the approval of the Bankruptcy Court. Upon execution of the Agreement, Landlord shall file the required Motion with the Bankruptcy Court seeking such approval.

17. **Disclaimer of Liability.** The Parties expressly agree that this Agreement is entered into on a compromise basis to avoid the expense and inconvenience of protracted litigation and that its execution is not an admission of wrongdoing or liability by any party or their employees, representatives, agents, or attorneys, and that any liability or wrongdoing is expressly denied.

18. **Each Party Bears its Own Expenses.** Each Party shall bear the cost of its own legal counsel, litigation and other expenses or costs incurred in connection with the Bankruptcy Case and the Dispossessory Action and for any acts taken pursuant to this Agreement.

19. **Voluntary Agreement.** The Parties acknowledge, agree and understand that this Agreement was negotiated and drafted jointly between them, and this negotiation has been conducted at arms' length; that each Party has participated in the preparation of this Agreement with the advice or opportunity to seek the advice of counsel; that this Agreement was entered into freely and voluntarily; that this Agreement shall not be interpreted for or against any Party as being the drafter; and that in the event of a dispute over the meaning, construction or interpretation of this Agreement, no presumption shall apply to construe the language of this Agreement for or against any Party.

20. **Entire Agreement.** The Parties understand and agree that this Agreement sets forth the entire agreement between the Parties and is specifically intended to be a fully integrated contract. Each Party further agrees that all prior discussions, negotiations, representations, statements, agreements or understandings related to the subject matter of this Agreement are merged in and superseded by this Agreement and are therefore void and shall have no force and effect.

**21. <u>Modification and Severability.</u>** This Agreement shall not be amended, modified, or changed in any way except in writing and duly signed by an authorized representative of each Party hereto. Should any clause, sentence, provision, exhibit or paragraph of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, exhibit, or paragraph directly involved, and the remainder of the Agreement shall remain in full force and effect.

**22. <u>Governing Law.</u>** This Agreement shall be governed by and interpreted in accordance with the laws of the State of Georgia.

**23. <u>Counterparts.</u>** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document. Delivery of an executed counterpart of this Agreement by facsimile, telecopier, or electronic mail transmission shall be equally as effective as delivery of an original executed counterpart of this Agreement. Any party delivering an executed counterpart of this Agreement by facsimile, telecopier or electronic mail transmission also shall deliver an original executed counterpart of this Agreement but the failure to deliver an original executed counterpart shall not affect the validity, enforceability, and binding effect of this Agreement.

**24. <u>Binding Effect.</u>**  This Agreement shall be binding upon and inure to the benefit of the representatives, successors and assigns of the parties hereto.

**[Signatures on following page]**

**AGREED TO BY:**

**Crown Assets, LLC**

**By:** *Karan Ahuja*

    **Karan Ahuja**

    **Member**

**AND**

**JW ELC (The Academy of Early Learning), LLC**

**By:** *Kawalski Washington*

    **Kawalski Washington**

    **Managing Member**



Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement (GEM 7-28-2021).pdf |
| **FILE NAME** | Settlement%20Agre...07-28-2021%29.pdf |
| **DOCUMENT ID** | 4217de3882258b438d3abc1e8e5e9d6b9db2c474 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

This document was requested from app.clio.com

Document History

**SENT**      **07 / 29 / 2021**      Sent for signature to Crown Assets LLC
              21:26:23 UTC           (karansingh12121@gmail.com) from dklein@rlklawfirm.com
                                     IP: 24.99.79.244

**VIEWED**    **07 / 29 / 2021**     Viewed by Crown Assets LLC (karansingh12121@gmail.com)
              21:27:01 UTC           IP: 107.77.233.117

**SIGNED**    **07 / 29 / 2021**     Signed by Crown Assets LLC (karansingh12121@gmail.com)
              21:28:22 UTC           IP: 107.77.233.117

**COMPLETED** **07 / 29 / 2021**     The document has been completed.
              21:28:22 UTC

Powered by HELLOSIGN

**EXHIBIT B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CROWN ASSETS, LLC, | Case No. 20-21451-JRS |
| Debtor. | |

**ORDER ON EMERGENCY MOTION TO SETTLEMENT AGREEMENT UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

This matter came before the Court for hearing on _____ on the Emergency Motion to Approve Settlement Agreement resolving the Debtor's claims against JW ELC (The Academy of Early Learning), LLC ("Tenant"), and the Tenant's counterclaims against the Debtor, in the dispossessory action pending in the State Court of Henry County, Georgia, Case No. STSV2021000958, filed on July 30, 2021 by Debtor (the "Motion") [Doc. __].

-6-

It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor, its estate, and its creditors; and that good and sufficient cause exists for such relief. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Agreement, a copy of which is attached to the Motion as Exhibit A, is approved in its entirety pursuant to Federal Rule of Bankruptcy Procedure 9019.

3. Notwithstanding any rule to the contrary, this Order shall be effective immediately upon entry.

4. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**### END OF ORDER ###**

**Prepared and presented by:**

**ROUNTREE LEITMAN & KLEIN, LLC**
*/s/ Elizabeth A. Childers*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Elizabeth A. Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
echilders@rlklawfirm.com
*Attorneys for Debtor*