IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| CROWN ASSETS, LLC, | : | CASE NO. 20-21451-JRS |
| | : | |
| Debtor. | : | JUDGE SACCA |
| | : | |
| CROWN ASSETS, LLC, | ) | |
| Movant, | ) | |
| | ) | CONTESTED MATTER |
| v. | ) | |
| GELT FINANCIAL, LLC, | ) | |
| Secured Creditor. | ) | |

**RESPONSE IN OPPOSITION TO DEBTOR CROWN ASSETS, LLC'S FIFTH MOTION TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH DEBTOR MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

COMES NOW Gelt Financial, LLC ("**Secured Creditor**"), by and through undersigned counsel, and hereby files this response in opposition to Debtor Crown Assets, LLC's Fifth Motion to Extend the Exclusive Periods During Which Debtor May File and Solicit the Acceptances of a Chapter 11 Plan ("Exclusivity Motion").

1.

Secured Creditor incorporates by reference the Factual Background and Procedural History from its Response in Opposition to Debtor's Objection ("**Objection**") to Secured Creditor's Claim No. 10 ("**Claim**").

2.

On October 25, 2020 ("Petition Date"), Debtor filed its Petition for voluntary relief under Chapter 11 of the Bankruptcy Code.

3.

More than 520 days have elapsed since the Petition Date, and Debtor has now requested an extension of its exclusivity periods for the plan and solicitation period five (5) times.

4.

Although Debtor has cited certain case law in support of its request, the *longest* court-approved extension cited by Debtor was a mere 235 days and among cases cited with 90 and 143 day-extensions, even that was an outlier (90-143 days).

5.

Debtor's current request would extend the exclusivity period for submitting a plan to 600 days.

6.

As the grounds for Debtor's requested extension, Debtor asserts that the issues in the Adversary Proceeding No. 20-02041 must be resolved before it can propose a plan of reorganization.

7.

At the same time, however, Debtor is seeking to disallow Secured Creditor's claim based on the faulty premise that Debtor has not defaulted under *matured* Secured Note and other Loan Documents between Secured Creditor and Debtor. Debtor defaulted before the Petition Date and remains in default.

8.

Secured Creditor has set forth Debtor's numerous defaults under the loan documents in its Response in Opposition to Debtor's Claim Objection. Said defaults include Debtor's failure to pay off the loan after the maturity date of the Secured Note (October 2, 2021), the Adversary Proceeding (pending in state court prepetition) attacking the validity of the Loan Documents and the prepetition Lis Pendens recorded against Secured Creditor's collateral.

9.

While seeking relief for itself based on the pending Adversary Proceeding, Debtor is attempting to obtain a strategic advantage by objecting to Secured Creditor's claim before the resolution of the Adversary Proceeding and by falsely denying its numerous defaults under the Loan Documents.

10.

Accordingly, Debtor's Exclusivity Motion should be denied.

WHEREFORE, Secured Creditor respectfully requests that the Court enter an order denying Debtor's Exclusivity Motion.

Respectfully submitted this 5th day of April, 2022.

/s/    *Kristen A. Yadlosky*
Todd H. Surden
Georgia Bar No. 774046
Kristen A. Yadlosky
Georgia Bar No.779615
Hartman Simons & Wood LLP
6400 Powers Ferry Road, NW, Suite 400
Atlanta, GA  30339
(770) 955-3555
(770) 538-1452 (fax)
todd.surden@hartmansimons.com
kristen.yadlosky@hartmansimons.com
Counsel for GELT FINANCIAL, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE: : CHAPTER 11
:
CROWN ASSETS, LLC, : CASE NO. 20-21451-JRS
:
Debtor. :
:

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of April, 2022, she caused a true and correct copy of the foregoing document to be served electronically on the parties registered to receive ECF notification from the Court, and that she served the foregoing document by depositing a copy of same in the United States mail in an envelope properly addressed to the following, with adequate postage thereon to ensure proper delivery on the following:

*Debtor* represented by **Benjamin Keck**
**Crown Assets, LLC** Rountree, Leitman & Klein, LLC
7530 Saint Marlo Country Club Parkway Suite 175, Century Plaza 1
Duluth, GA  30097 2987 Clairmont Road
Atlanta, GA  30329
bkeck@rlklawfirm.com

**David S. Klein**
Rountree, Leitman & Klein, LLC
Suite 175, Century Plaza 1
2987 Clairmont Road
Atlanta, GA  30329
dklein@rlklawfirm.com

**William A. Rountree**
Rountree, Leitman & Klein, LLC
Suite 175, Century Plaza 1
2987 Clairmont Road
Atlanta, GA  30329
wrountree@rlklawfirm.com

| | | |
|---|---|---|
| *U.S. Trustee*<br>**Office of the United States Trustee**<br>362 Richard Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303 | represented by | **David S. Weidenbaum**<br>**Office of the United States Trustee**<br>362 Richard Russell Building<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303<br>david.s.weidenbaum@usdoj.gov |

    /s/ *Kristen A. Yadlosky*
    Kristen A. Yadlosky

5